## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JANET LANE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No:     CIV-16-160-F |
| | ) | |
| FOREST LUMBER COMPANY | ) | |
| OKLAHOMA, LLC d/b/a FOREST | ) | |
| LUMBER COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW, Plaintiff Janet Lane, by and through counsel, Katherine R.

Mazaheri, OBA #21746, and hereby complains against the Defendant Forest Lumber

Company Oklahoma, LLC d/b/a Forest Lumber Company as follows:

### NATURE OF THE CASE

1. Plaintiff alleges claims pursuant to Title VII of the Civil Rights Act of 1964, as

   amended, 42 U.S.C. §2000e et. *seq* ("Title VII") for discrimination based upon her

   race that resulted in discriminatory treatment, a hostile work environment, and

   ultimately wrongful termination through a constructive discharge. Plaintiff also

   alleges illegal retaliation in violation of Title VII. Plaintiff also brings state law

   causes of action for wrongful termination based upon her race in violation of the

   Oklahoma Anti-Discrimination Act ("OADA"), 25 O.S. §1101 *et. seq*. Plaintiff

   also alleges a claim of illegal retaliation in violation of the OADA. Finally,

Plaintiff alleges a claim pursuant to 42 U.S.C. §1981 for illegal discrimination and wrongful termination based upon her race.

## JURISDICTION AND VENUE

2.  The jurisdiction of this Court is invoked pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343. Plaintiff also brings pendant state law claims under 25 O.S. §1101 *et. seq*. This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. §1367(a).

3.  Venue in this district is proper pursuant to 28 U.S.C. §§1391 (b) and (c), because Defendant operates in this district and the unlawful conduct giving rise to the claims occurred in this district.

4.  Declaratory, injunctive, and equitable relief is sought pursuant to 28 U.S.C. §§2201 and 2202, and 42 U.S.C. §2000e-5(g). Compensatory and punitive damages are sought pursuant to 42 U.S.C. §1981a.

5.  Costs and attorneys' fees may be awarded pursuant to 42 U.S.C. §2000e-5, Fed. R. Civ. P. 54, and 25 O.S. §1350(h).

6.  This action properly lies in the District Court for the Western District of Oklahoma, pursuant to 28 U.S.C. §1391(b) because the claims arose in this district, and pursuant to 42 U.S.C. §2000e-(f)(3) because the unlawful employment practices arose in this district.

## PARTIES

7. Plaintiff, Janet Lane, is an individual citizen and resident of the United States and the State of Oklahoma. At all times relevant herein, Plaintiff was a resident of the State of Oklahoma.

8. Plaintiff is a former employee of Defendant Forest Lumber Company Oklahoma, LLC d/b/a Forest Lumber Company.

9. Defendant is a domestic for-profit limited liability company registered with the Oklahoma Secretary of State.

## CONDITIONS PRECEDENT

10. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Oklahoma Human Rights Commission/Oklahoma Attorney General's Office of Civil Rights Enforcement in on or about June 27, 2014. The EEOC issued charge number 564-2014-00963.

11. On December 14, 2015, the EEOC issued a Notice of Right to Suit for Plaintiff's charge of discrimination.

12. Plaintiff's attorneys received such notice on or about December 15, 2015.

13. This lawsuit is filed within ninety (90) days of the receipt of Plaintiff's right to suit letters.

14. Plaintiff has exhausted all administrative remedies under state and federal law.

## GENERAL ALLEGATIONS

15. Plaintiff began her employment with Defendant in September 2013, working as an Executive Administrative Assistant.

16. Plaintiff's beginning rate of pay was $13.50 per hour.

17. Throughout her employment, Plaintiff continued to receive more and more job duties in addition to the administrative duties for which she was hired.

18. By early 2014 Plaintiff was the only African-American employee in Defendant's managerial department.

19. In March 2014, Plaintiff's boss began excluding her from meetings that were essential to her job duties. Plaintiff was excluded from these weekly department manager meetings and forced to remain answering the phones, despite all other administrative positions attending the meetings.

20. During this time period, Plaintiff believed that her boss began acting hostile towards her and began harassing Plaintiff concerning any time-off request that she submitted, while not engaging in such behavior towards Plaintiff's Caucasian co-workers.

21. In early March 2014, Plaintiff learned that she would be taking over Defendant's Human Resources position. Instead of being titled the HR Manager as previous employees had been titled, Plaintiff learned that she would be titled as the "HR Assistant."

22. Plaintiff asked her boss why she could not be titled as a manager. Her boss informed her that it was because she was still working on her degree. However, two Caucasian employees had recently became managers and/or controllers without having their degrees and having little to no experience in their positions.

23. Despite Plaintiff working in human resources, she continued to be excluded from meetings in which the human resource position was required to give information to the rest of the departments, as indicated by her job duties. Oftentimes, Plaintiff would have to prepare presentations she would give at these meetings, but then be prevented from attending the meeting to give her presentation.

24. During March 2014, Plaintiff learned that three Caucasian employees had recently been placed into positions similar to hers. All three employees received much higher rates of pay than Plaintiff, despite having less experience for the position(s) into which they were hired. These promotions included:

    a.  A Caucasian female hired into an executive administrative assistant position with a starting pay of $21.63 per hour. Plaintiff had been hired into a similar position at $13.50 per hour. This employee was then promoted into a managing position with no degree and no experience and given a raise to a $55,000.00 annual salary. After Plaintiff's assumption of the human resources position, she received a raise in pay to only $15.00 per hour.

    b.  A Caucasian female was hired into an executive administrative assistant role and given a yearly salary of $38,000.00 per year.

    c.  A Caucasian employee began working as an administrative assistant at $17.50 per hour. This employee was soon promoted to a managerial role and given a $45,000.00 annual salary.

25. Plaintiff brought her issues concerning these pay discrepancies to her supervisor/boss on multiple occasions. During these complaints Plaintiff's supervisor would become agitated and/or hostile towards Plaintiff and would merely tell her that they would review it "in the future."

26. In early April 2014, two co-workers of Plaintiff were openly hostile towards her and caused a confrontation in the office.

27. Plaintiff and these co-workers then met with Plaintiff's supervisor.

28. During this meeting the supervisor was hostile towards Plaintiff and openly sided with Plaintiff's Caucasian co-workers, refusing to hear Plaintiff's version of the events.

29. At the conclusion of this meeting, Plaintiff's supervisor told her "let me be very clear Janet, the two of them could very easily ruin your life."

30. At this point, due to the continued hostility towards her, the disparate treatment in pay and continued exclusions from required meetings, Plaintiff believed that she was subjected to a hostile work environment.

31. At this time, Plaintiff believed that she had no choice but to resign her employment, suffering a constructive discharge which amounts to a wrongful termination.

32. Adverse actions taken against Plaintiff were motivated by one or more of the following impermissible factors: Plaintiff's race and/or in retaliation for her internal complaints, all in clear violation of Title VII, 42 U.S.C. §2000e *et. seq.*

33. As a result of Defendant's actions, Plaintiff has sustained the following damages/injuries: loss of employment, loss of wages, loss of seniority, loss of career path and opportunity, loss of fringe benefits and other compensation. Plaintiff has also suffered consequential and compensatory damages including, but not limited to: those for humiliation, loss of dignity, loss of enjoyment of life, worry, stress, and anxiety.

34. As a result of Defendant's actions, Plaintiff has been damaged well in excess of $10,000.00.

35. Add adverse actions taken by Defendant against Plaintiff were intentional, willful, malicious, and/or with reckless disregard for the legal rights of Plaintiff.

## COUNT ONE
## ILLEGAL DISCRIMINATION BASED UPON RACE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000E-1 *et seq.*

36. Plaintiff reasserts and incorporates by reference paragraphs 1-35 as set forth above as if fully restated herein.

37. At all times while employed with Defendants, Plaintiff was qualified for the positions she held and had been performing satisfactorily.

38. Defendant's willful and malicious conduct as described above is in clear violation of Title VII of the Civil Rights Act of 1964.

39. Plaintiff's race, African-American, was a motivating factor in Defendant's adverse employment actions as described above. Defendant violated Plaintiff's rights under Title VII by taking such adverse actions.

40. As a result of Defendant's illegal conduct, Plaintiff has suffered the damages described in paragraphs 33-35.

41. Plaintiff is entitled to and seeks all legal and equitable remedies provided to a prevailing Plaintiff under Title VII, including, without limitation: back pay, front pay, compensatory damages, punitive damages, and any appropriate declaratory and/or injunctive relief.

42. Plaintiff is also entitled, under 42 U.S.C. §2000e-5(k), to recover attorney fees and costs incurred in pursuing this claim.

## COUNT II
## ILLEGAL DISCRIMINATION BASED UPON RACE IN VIOLATION OF 42 U.S.C. §1981

43. Plaintiff reasserts and incorporates by reference paragraphs 1-42 as set forth above as if fully restated herein.

44. Plaintiff is an African-American female protected from racial discrimination by 42 U.S.C. §1981.

45. Plaintiff received disparate and hostile treatment compared to other similarly situated, non-minority employees, as described previously.

46. Any reason(s) given for the adverse actions taken against Plaintiff is pretextual in nature.

47. The discrimination against Plaintiff altered the terms, conditions, and/or privileges of her employment.

48. Defendant did nothing to attempt to remedy the wrong(s) suffered by Plaintiff.

49. Defendant's acts and omissions violated Plaintiff's rights secured by 42 U.S.C. §1981.

50. As a result of Defendant's illegal conduct, Plaintiff has suffered the damages described in paragraphs 33-35.

51. Plaintiff is entitled to and seeks all legal and equitable remedies available to a prevailing plaintiff under 42 U.S.C. §1981, including, without limitation: back pay, front pay, compensatory damages, punitive damages, and any appropriate declaratory and/or injunctive relief.

## COUNT III
### ILLEGAL DISCRIMINATION BASED UPON RACE IN VIOLATION OF THE OKLAHOMA ANTI-DISCRIMINATION ACT, 25 O.S. §1101 *et seq*.

52. Plaintiff reasserts and incorporates by reference paragraphs 1-51 as set forth above as if fully restated herein.

53. At all times while employed with Defendant, Plaintiff was qualified for the positions she held and had been performing satisfactorily.

54. Defendant's willful and malicious conduct as described above is in clear violation of OADA.

55. Plaintiff's race, African-American, was a motivating factor in Defendant's adverse employment actions as described above. Defendant violated Plaintiff's rights under the OADA by taking such adverse actions.

56. As a result of Defendant's illegal conduct, Plaintiff has suffered the damages described in paragraphs 33-35.

57. Plaintiff is entitled to and seeks all legal and equitable remedies provided to a prevailing Plaintiff under OADA, including, without limitation: back pay, front pay, compensatory damages, punitive damages, and any appropriate declaratory and/or injunctive relief.

58. Plaintiff is also entitled, under 25 O.S. §1350(H), to recover attorney fees and costs incurred in pursuing this claim.

## COUNT IV
## ILLEGAL RETALIATION FOR PROTECTED ACTIVITY IN VIOLATION OF TITLE VII, 42 U.S.C. §2000e et seq., the OADA, 25 O.S. §1101 *et seq*., and 42 U.S.C. §1981

59. Plaintiff reasserts and incorporates by reference paragraphs 1-58 as set forth above as if fully restated herein.

60. 42 U.S.C. §2000e-3(a) makes it illegal to retaliate against an "individual [who] has opposed any act or practice made unlawful by this Act or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this Act."

61. 25 O.S. §1601 also prohibits such retaliatory conduct.

62. 42 U.S.C. §1981 also encompasses anti-retaliation measures resulting from post-formation activities.

63. Plaintiff clearly opposed the illegal harassment, discrimination, and retaliation when she complained to her supervisor on multiple occasions concerning the pay discrepancies and disparate treatment.

64. Such opposition and participation is clearly protected activity as defined by Title VII, the OADA, and 42 U.S.C. §1981.

65. The actions taken against Plaintiff following her protected activity in opposition to Defendant's illegal conduct, including, but not limited to: continued harassment, hostile treatment, disparate treatment, and ultimately her termination are all retaliatory actions designed to prevent her from exercising his rights under Title VII, the OADA, and 42 U.S.C. §1981.

66. Such conduct is clearly in violation of Title VII, the OADA, and 42 U.S.C. §1981 which all contain provisions prohibiting such conduct.

67. As a result of Defendant's retaliatory conduct, Plaintiff has suffered the losses and damages described in paragraphs 33-35 above.

68. Plaintiff is entitled to and seeks all legal and equitable remedies available to a prevailing Plaintiff under Title VII, the OADA, and 42 U.S.C. §1981, including, without limitation: back pay, front pay, compensatory damages, punitive damages, and any and all appropriate declaratory and injunctive relief.

69. Plaintiff is also entitled, under 42 U.S.C. §2000e-5(k) and 25 O.S. §1350(H), to recover attorney fees and costs incurred in pursuing this claim.

**PRAYER FOR RELIEF**

WHEREFORE, it is respectfully prayed that this Court grant to Plaintiff the following relief:

a. Back pay, in amounts to be determined at trial;

b. Front pay, in amounts to be determined at trial;

c.  Punitive damages, in amounts to be determined at trial;

d.  Liquidated damages, in amounts to be determined at trial;

e.  Compensatory and consequential damages, in amounts to be determined at trial;

f.  Injunctive and/or declaratory relief;

g.  Pre-judgment and post-judgment interest at the highest lawful rate;

h.  Attorneys' fees and costs of this action, including any expert witness fees, as appropriate;

i.  That Defendants be enjoined and restrained from engaging in further discriminatory and retaliatory conduct; and

j.  Any such further relief as justice allows.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury of all issues triable by jury under Oklahoma and Federal law.

Dated: 02/19/2016

Respectfully Submitted,


/s/Katherine R. Mazaheri
Katherine R. Mazaheri, OBA #21746
Mazaheri Law Firm, PLLC
3445 W. Memorial Rd., Ste. H
Oklahoma City, OK 73134
Telephone: (405)414-2222
Facsimile: (405)607-4358
katherine@mazaherilaw.com
*Attorneys for Plaintiff*

**ATTORNEY'S LIEN CLAIMED**